A. LEFKOW, Respondent, v. F. ALLRED, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. **Practice, Appellate**: EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions must be made at the time of giving in order to be reviewed on appeal.

2. ———: DISTURBING VERDICT. Where the record discloses ample testimony to warrant the finding it will not be disturbed on appeal.

*Appeal from the Vernon Circuit Court.* — HON. D. P. STRATTON, Judge.

AFFIRMED.

*Stone, Hoss & King, J. T. James*, for appellant.

*Burton & Wight*, for respondent.

(1) Defendant did not object to the giving of plaintiff's instructions at the trial. The first time he objected to them was in his motion for a new trial. Not having objected to them at the trial, he cannot be heard to complain of them either in his motion for a

new trial or in this court. *Randolph v. Alsey*, 8 Mo. 659–7; *Bompart v. Boyer*, 8 Mo. 234; *Dozier v. Jerman*, 30 Mo. 216; *Waller v. Railroad*, 83 Mo. 608; *Webb v. Allington & Anderson*, 27 Mo. App. 559. (2) This being a suit at law, this court will not weigh and pass upon the preponderance of the evidence. *Randolph v. Alsey*, 8 Mo. 656; *Honeycutt v. Railroad*, 40 Mo. App. 674; *Home Ins. Co. v. Shultz*, 30 Mo. App. 91; *Douglass v. Orr*, 58 Mo. 573; *McHugh v. Meyer*, 61 Mo. 384.

GILL, J.—This is a suit in replevin, and involves the right and title to a certain stock of goods. The goods were foremerly owned by a Mrs. Goodwin, who was sued in attachment by various creditors, and defendant Allred as constable levied said attachment on the goods as then belonging to said Mrs. Goodwin. At the date of the levy plaintiff Lefkow claimed to have been the owner and in possession of the goods by right of a prior purchase from Mrs. Goodwin.

The defense interposed by the attaching creditors, through the defendant constable, was that plaintiff Lefkow was not a purchaser in good faith, and that he did not before the levy of the attachments take such possession as would satisfy the statute of frauds.

The evidence for the plaintiff tended to show that the purchase was made in good faith, that practically the entire purchase price was applied to the payment of such of the debts of Mrs. Goodwin as plaintiff had knowledge of, and that he took open and unequivocal possession of the goods. The testimony for defendant tended to prove the contrary. Under instructions from the court the jury found for the plaintiff, and defendant appealed.

There is little here for review; indeed nothing except whether or not there was any evidence to

·support the verdict and judgment. The motion for new trial, it is true, complains of the court's instructions, but the record fails to disclose any exceptions ·saved in that regard; and hence, since the defendant failed to object to the court's instructions at the time they were given, he cannot afterwards be heard to complain.

On the question whether or not we should disturb ·the judgment for want of evidence, it is sufficient to say that the record discloses ample testimony to warrant the jury's finding, and the judgment will ·therefore be affirmed. All concur.